UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DERRICK LYNN JOHNSON,<br><br>        Petitioner,<br>  v.<br>SAMANTHA P. JESSNER, et al.<br><br>        Respondents. | No. 2:24-cv-07683-JFW-BFM<br><br>**ORDER TO SHOW CAUSE** |

      This Order concerns a federal habeas petition. Petitioner Derrick Lynn Johnson filed a habeas petition in this Court. (ECF 1 ("Petition").) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court—rules that apply to this Petition—the Court must review the Petition before ordering a response. If it "plainly appears" from that initial review that Petitioner is not entitled to relief, the Court must dismiss the Petition.

      Here, Petitioner claims that he is being "held to answer for an otherwise infamous crime without presentment or indictment," in violation of the Fifth Amendment. (Petition at 5.) It appears, however, that his claim is presented in a second-or-successive petition, and that he has not received authorization from

1  the Ninth Circuit to proceed with his claim. It also appears that his claim is
2  untimely because it relates to a conviction that was sustained in 2015 and
3  affirmed on direct appeal in 2017. As such, the Court orders Petitioner to explain
4  in writing why his Petition should not be dismissed.

### A. Factual Background

Petitioner states that he is currently in custody serving a sentence imposed after he sustained a failure-to-register conviction in the Los Angeles Superior Court in 2015. (Petition at 2.) A conviction that matches that description was affirmed on direct appeal in 2017. *People v Johnson*, 2017 WL 1649732, at *5 (Cal. Ct. App. May 2, 2017) (affirming a failure-to-register conviction sustained in 2015). A prior Report and Recommendation relating to that same case recounts the history of the case from there: (1) the California Supreme Court denied a petition for review on July 21, 2017; and (2) between 2017 and 2019, Petitioner submitted a dozen habeas petitions and other post-conviction filings challenging that conviction in the state courts. *Johnson v. Super. Ct. of Cal.*, No. CV 19-5713-GW (JEM), 2020 WL 5875021, at *3 (C.D. Cal. May 20, 2020), report and recommendation adopted as modified, 2021 WL 124498 (C.D. Cal. Jan. 12, 2021).

In 2019, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in this Court. The Court dismissed his claims as untimely and declined to grant a certificate of appealability. *Id.*

The instant Petition was filed on September 9, 2024.

### B. The Petition Appears to be Second-or-Successive

Habeas petitioners are generally required to present all challenges to a conviction in a single petition, rather than bringing claims one at a time. Only under limited circumstances can a person bring a "second or successive" habeas petition in federal court. 28 U.S.C. § 2244(b)(2). Moreover, if a petitioner believes

1  he can satisfy the criteria to file such a petition, he must first apply in the court
2  of appeals for authorization to file a second-or-successive petition here. 28
3  U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by
4  this section is filed in the district court, the applicant shall move in the
5  appropriate court of appeals for an order authorizing the district court to
6  consider the application."). Failure to obtain authorization from the court of
7  appeals deprives this Court of jurisdiction and requires dismissal. *Brown v.*
8  *Muniz*, 889 F.3d 661, 67 (9th Cir. 2018) ("If the petition is second or successive,
9  then the district court lacks jurisdiction and must dismiss the petition unless
10 and until the court of appeals grants an application to file it.").

11       Here, Petitioner filed a first § 2254 petition in 2019. His petition was
12 dismissed on timeliness grounds, which is considered an adjudication on the
13 merits and thus counts as a first habeas petition for these purposes. *McNabb v.*
14 *Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas
15 petition for untimeliness presents a 'permanent and incurable' bar to federal
16 review of the underlying claims," and thus renders subsequent petitions "second
17 or successive") (internal citation omitted). The Petition does not reflect that
18 Petitioner obtained authorization from the Ninth Circuit to file this Petition,
19 and a search of the Ninth Circuit's docket does not reflect that he obtained such
20 authorization. As such, it appears that his Petition should be dismissed as a
21 second-or-successive petition filed without the authorization required by §
22 2244(b)(3)(A).

23 **C.**     **The Petition Appears to be Untimely**

24       If the Court did have jurisdiction over his claim, it appears that the
25 Petition would be untimely. Petitioner's previous habeas petition, filed five
26 years ago, was deemed untimely. *Johnson*, 2020 WL 5875021, at *3 (C.D. Cal.
27 May 20, 2020). The claim in this Petition alleges a defect in the initiation of the
28

case—that charges were not presented to a grand jury or brought by way of indictment. (Petition at 2.) Any such claim arose no later than the date of conviction. As such, the same reasoning that required dismissal of his prior petition would appear to require dismissal of this one—only the problem is that much worse because of the additional delay.

**D.    Conclusion**

Petitioner is therefore **ORDERED** to show cause why the Court should not recommend dismissal of the Petition. **No later than October 16, 2024,** Petitioner shall respond, in writing, to this Order. In his response, Petitioner must set forth his arguments, if any, as to why his Petition should not be dismissed for the reasons stated in this Order.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending to the District Judge that this case be dismissed for failure to prosecute and to follow court orders.**

DATED:  September 16, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

4